In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-06-175 CV


____________________



WHOLESALE ELECTRIC SUPPLY COMPANY OF HOUSTON, L.P.,


 Appellant


V.



SIDNEY G. SIMON, Appellee






On Appeal from the 136th District Court


Jefferson County, Texas


Trial Cause No. D-166,021-A






MEMORANDUM OPINION


 Appellant, Wholesale Electric Supply Company of Houston, L.P., appeals from an
order granting summary judgment in favor of appellee Sidney G. Simon. We affirm.

Background


 Wholesale filed a suit on sworn account against Alliance Engineering & Design, Inc.
for a debt in the amount of $263,939.00 that Alliance allegedly owed Wholesale regarding
Wholesale's delivery of an "MCC Pumphouse Building" to a refinery construction project. 
The invoices attached to Wholesale's petition were all dated February 5, 2001. In a
subsequent petition, Wholesale contended that Alliance, as well as individual officers and
directors of Alliance, "were in receipt of monies from [Alliance's] original contractor . . . for
the materials delivered and supplied by [Wholesale]." Simon was among the individuals
joined as defendants. Wholesale asserted that the individual defendants were personally
liable for misapplication of construction trust funds of which Wholesale was a beneficiary. 
See Tex. Prop. Code Ann. §§ 162.001, 162.002, 162.003, 162.031 (Vernon 1995 & Supp.
2006). Each of the individual defendants filed a traditional motion for summary judgment,
and the trial court granted their motions. The trial court then severed Wholesale's claims
against the individual defendants into a separate cause number. Finding genuine issues of
material fact, this Court reversed the trial court's summary judgments and remanded the
cause. See Wholesale Elec. Supply Co. of Houston, L.P. v. Simon, No. 09-02-521 CV, 2004
WL 355009 (Tex. App.--Beaumont Feb. 26, 2004, pet. denied) (mem. op.). Subsequently,
each individual defendant except Sidney Simon was dismissed.

 After this Court remanded the case, Wholesale filed a traditional motion for summary
judgment against Simon. (1) In response, Simon filed a pleading that included both his
response to Wholesale's motion for summary judgment and Simon's own hybrid motion for
summary judgment against Wholesale. Simon asserted that he was entitled to a traditional
summary judgment on the grounds that, inter alia, he was not "a trustee with respect to
current or past due obligations owed to Wholesale by Alliance." Simon also asserted that he
was entitled to a no-evidence summary judgment against Wholesale because (1) "[t]here is
no evidence that Simon intentionally or knowingly or with intent to defraud, directly or
indirectly, retained, used, disbursed, or otherwise diverted any trust funds in which
Wholesale had or has a claim" and (2) "[t]here is no evidence that any part of the debt
alleged by Wholesale was a 'current or past due obligation' of Alliance at any time while
Simon was an officer or director of Alliance or had any control of the funds of Alliance."

 Without specifying its reasons for doing so, the trial court entered a take nothing
judgment that denied Wholesale's motion for summary judgment and granted Simon's
motion for summary judgment. Wholesale filed this appeal, in which it raises five issues for
our consideration.

Standard of Review for No-Evidence Summary Judgments


 We review the trial court's granting of a no-evidence motion for summary judgment
under the standards set forth in Rule 166a(i) of the Texas Rules of Civil Procedure. See Tex.
R. Civ. P. 166a(i). To defeat a no-evidence summary judgment motion, the non-movant must
produce summary judgment evidence raising a genuine issue of material fact regarding each
element challenged by the movant. Ford Motor Co. v. Ridgway, 135 S.W.3d 598, 600 (Tex.
2004). The non-movant raises a genuine issue of material fact by producing more than a
scintilla of evidence establishing the challenged element's existence. Id. at 600; Forbes Inc.
v. Granada Biosciences, Inc., 124 S.W.3d 167, 172 (Tex. 2003). More than a scintilla of
evidence exists when the evidence is such that reasonable and fair-minded people can differ
in their conclusions. Ridgway, 135 S.W.3d at 601. If "'the evidence offered to prove a vital
fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the
evidence is no more than a scintilla and, in legal effect, is no evidence.'" Id. (quoting
Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983)). In determining whether the
non-movant has produced more than a scintilla of evidence, we view the evidence in the light
most favorable to the non-movant and disregard all contrary evidence and inferences. Id. at
601; King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 750-51 (Tex. 2003).

 When, as here, the trial court granted summary judgment without specifying the
grounds for doing so, the appellant must show it is error to base the judgment on any ground
asserted in the motion for summary judgment. See Dow Chem. Co. v. Francis, 46 S.W.3d
237, 242 (Tex. 2001). When both sides move for summary judgment and the trial court
grants one motion and denies the other, the reviewing court reviews both sides' summary
judgment evidence. FM Props. Oper. Co. v. City of Austin, 22 S.W.3d 868, 872 (Tex. 2000). 
Although both Wholesale and Simon filed motions for summary judgment, Wholesale does
not raise an issue in this appeal concerning the denial of its motion for summary judgment. 
Therefore, although we consider both sides' summary judgment evidence, our review is
limited to determining whether the trial court erred in granting summary judgment in favor
of Simon. See Tex. R. App. P. 38.1(e), (h).

Wholesale's Issue Five


 In issue five, Wholesale asserts the trial court erred in granting summary judgment in
favor of Simon on the grounds that "there is no evidence that the debt owed to Wholesale
was a 'current or past due obligation' of Alliance at any time while Simon was an officer or
director of Alliance or had any control of the funds of Alliance." We address this issue first.

 Section 162.001(a) of the Texas Property Code provides as follows: "Construction
payments are trust funds under this chapter if the payments are made to a contractor or
subcontractor or to an officer, director, or agent of a contractor or subcontractor, under a
construction contract for the improvement of specific real property in this state." Tex. Prop.
Code Ann. § 162.001(a) (Vernon Supp. 2006). Under Chapter 162, "[a] contractor,
subcontractor, or owner or an officer, director, or agent of a contractor, subcontractor, or
owner, who receives trust funds or who has control or direction of trust funds, is a trustee
of the trust funds." Tex. Prop. Code Ann. § 162.002 (Vernon 1995) (emphasis added).

 Any officer or director who has control or direction over the funds is also a
trustee of the funds and is, therefore, personally liable. However, there must
be some evidence that the officer or director had control or direction over the
trust funds, such as possessing and exercising the power to divert the trust
funds by sending the funds wherever they choose and actually controlling the
disposition of the funds. 


C& G, Inc. v. Jones, 165 S.W.3d 450, 453-54 (Tex. App.--Dallas 2005, pet. denied) (citations
omitted).

 The chapter also provides that a contractor, subcontractor, or materialman who
furnishes labor or material for the construction or repair of an improvement on specific real
property "is a beneficiary of any trust funds paid or received in connection with the
improvement." Tex. Prop. Code Ann. § 162.003 (Vernon Supp. 2006). The chapter further
provides that "[a] trustee who, intentionally or knowingly or with intent to defraud, directly
or indirectly retains, uses, disburses, or otherwise diverts trust funds without first fully paying
all current or past due obligations incurred by the trustee to the beneficiaries of the trust
funds, has misapplied the trust funds." Tex. Prop. Code Ann. § 162.031(a) (Vernon 1995)
(emphasis added). The statute defines "[c]urrent or past due obligations" as "those
obligations incurred or owed by the trustee for labor or materials furnished in the direct
prosecution of the work under the construction contract prior to the receipt of the trust funds
and which are due and payable by the trustee no later than 30 days following receipt of the
trust funds." Tex. Prop. Code Ann. § 162.005(2) (Vernon Supp. 2006). Under the terms
of the statute, a trustee acts with intent to defraud when he "retains, uses, disburses, or diverts
trust funds with the intent to deprive the beneficiaries of the trust funds." Tex. Prop. Code
Ann. § 162.005(1)(A) (Vernon Supp. 2006).

 The evidence attached to Simon's hybrid motion for summary judgment and response
to Wholesale's motion for summary judgment included, inter alia, deposition excerpts and
affidavits. In two of the affidavits (dated February 21, 2006, and July 25, 2002), Simon
averred that he resigned from Alliance in February of 2000 and did not return as an officer
or director until March of 2002. These affidavits also stated that Simon had no role in the
day-to-day decisions, management, or operations of Alliance, and that he had no control or
direction of any funds received by Alliance from February 2000 to March 2002. Simon also
testified by deposition that he did not draw a salary or receive any benefits from Alliance
during his retirement.

 An excerpt from the deposition of Harley Stivers, president of Alliance, contained
testimony that Simon resigned. An excerpt from the deposition of Jerry Gaspard included
testimony that David Simon made the decision not to pay Wholesale. In an excerpt from his
deposition of July 22, 2002, Sidney Simon testified that he first learned that there was a
problem pertaining to Wholesale when he returned to work in March of 2002 and learned of
Wholesale's lawsuit. During the same deposition, Simon testified that when he left Alliance,
he resigned as a director and officer, and he was reelected upon his return in 2002. In an
excerpt from his deposition of August 5, 2002, Simon testified that he was not involved with
Alliance's operations and did not serve as an officer of the company from February 2000
until March 2002.

 Evidence attached to Simon's motion for summary judgment and response to
Wholesale's motion for summary judgment indicated that Wholesale delivered the MCC
building on March 1, 2000, and Alliance received a payment of $331,674.21 from its original
contractor on March 3, 2000. Simon's evidence showed Alliance received eight other
payments from its original contractor before receiving the final payment of $305,500.00 on
April 17, 2001. Simon's summary judgment evidence showed that all of the payments
Alliance received from its original contractor after Wholesale installed the MCC building
occurred after Simon's February 2000 resignation and before his return in March 2002.

 In its response to Simon's motion for summary judgment, Wholesale argued that
Simon's no-evidence motion for summary judgment was inadequate because it did not
specifically challenge the evidentiary support for an element of Wholesale's claims. 
Wholesale's response asserted that Simon's retirement as an officer and director is not
reflected in Alliance's corporate records, and that "at best" Alliance's records reflect a leave
of absence or sabbatical. However, Wholesale did not attach any evidence that contradicts
Simon's testimony that he was retired from February of 2000 to March of 2002. (2) Wholesale
attached an excerpt from Simon's deposition of July 19, 2002, in which Simon testified that
during his retirement, he and the owners of Alliance guaranteed a loan for Alliance. 
Wholesale also attached Alliance's bankruptcy petition and schedules, which were signed
by Simon on December 16, 2002.

 In a supplemental response to Simon's motion for summary judgment, Wholesale
pointed out that Simon testified by deposition that upon his return to Alliance, he was
reelected, but "we didn't really have a meeting. We just got together and elected me as
director because there was only me and my son." Wholesale's supplemental response also
asserted additional arguments regarding, among other things, the elements of "intent to
defraud," its contention that Simon was a trustee, and its assertion that the debt was a
"current or past due obligation" of Alliance while Simon was an officer or director. 
Wholesale did not attach additional evidence to its supplemental response.

 As previously discussed, each of the invoices attached to Wholesale's petition was
dated February 5, 2001. Simon's uncontradicted deposition testimony and affidavits
establish that he resigned from Alliance in February of 2000 and did not return until March
of 2002. Simon's affidavits and deposition testimony also establish that he did not
participate in the day-to-day decisions, management, or operations of Alliance during his
retirement, nor did he have control or direction of any funds received by Alliance during his
retirement. The summary judgment record also contained evidence that David Simon, not
Sidney Simon, made the decision not to pay Wholesale. Although Wholesale presented
evidence that Simon was not reelected upon his return, this evidence pertains more to
Alliance's possible failure to observe corporate formalities than to whether Simon
participated in the company as an officer or director during the period in which he testified
he was retired.

 We reject Wholesale's contention that Simon's no-evidence motion for summary
judgment did not specifically challenge the evidentiary support for an element of Wholesale's
claims. Rule 166a(i) of the Texas Rules of Civil Procedure simply requires that a no-evidence motion for summary judgment "state the elements as to which there is no evidence." 
Tex. R. Civ. P. 166a(i). Simon's no-evidence motion for summary judgment challenged the
evidentiary support for Wholesale's assertions that "any part of the debt . . . was a 'current
or past due obligation' of Alliance at any time while Simon was an officer or director of
Alliance or had any control of the funds of Alliance." Chapter 162 of the Property Code,
under which Wholesale made its claims, provides that an officer, director, or agent of a
contractor, subcontractor, or owner, who receives trust funds or who has control or direction
of trust funds may be liable to the beneficiaries of trust funds for misapplying the funds. 
See Tex. Prop. Code Ann. §§ 162.002, 162.005, 162.031. Therefore, we find that Simon's
no-evidence motion for summary judgment challenged the evidentiary support for a
particular element of Wholesale's claims.

 Regardless of whether the debt owed to Wholesale was a current or past due
obligation of Alliance, the uncontroverted evidence establishes that Simon was retired and
hence did not participate in the running of Alliance from February 2000 to March 2002. 
Simon testified that he was not an officer or director of Alliance when the debt to Wholesale
was incurred, and that he did not have control over any aspect of Alliance's operations during
that time period. Furthermore, Wholesale did not produce any evidence creating an issue of
fact regarding whether Simon was retired when Alliance received payments from its original
contractor after Wholesale installed the MCC building. Wholesale failed to produce any
evidence raising a fact issue that Simon was a trustee when Alliance incurred the debt to
Wholesale. Therefore, under Chapter 162, Simon did not receive trust funds or have control
of trust funds, and, hence, he was not a trustee of such funds. See Tex. Prop. Code Ann.
§ 162.002. Hence, the trial court did not err in granting a no-evidence summary judgment
in favor of Simon on that basis. See id. Because we have held that a no-evidence summary
judgment in favor of Simon was proper, we need not address Wholesale's remaining issues,
which challenge other possible bases for the trial court's summary judgment. See Francis, 
46 S.W.3d at 242. We overrule issue five and affirm the trial court's judgment.

 AFFIRMED.

 



 

 
______________________________

 STEVE McKEITHEN

 Chief Justice



Submitted on November 29, 2006

Opinion Delivered March 8, 2007


Before McKeithen, C.J., Gaultney and Horton, JJ. 

1. Although Wholesale's notice of appeal states it is appealing the trial court's order
denying Wholesale's motion for summary judgment and granting Simon's motion for
summary judgment, Wholesale presents no issues on appeal pertaining to the denial of its
motion for summary judgment. Therefore, we consider only the propriety of the trial court's
summary judgment in favor of Simon. See Tex. R. App. P. 38.1(e) ("The brief must state
concisely all issues or points presented for review.").
2. The evidence attached to Wholesale's motion for summary judgment also included
Simon's depositions. The only other evidence included counsel's affidavit regarding the
amount and reasonableness of Wholesale's attorney's fees, Wholesale's own answers to
interrogatories, and a copy of Simon's original answer. Wholesale's own answers to
interrogatories and Simon's original answer are not proper summary judgment evidence. See
Tex. R. Civ. P. 197.3 ("Answers to interrogatories may be used only against the responding
party."); Morgan v. Anthony, 27 S.W.3d 928, 929 (Tex. 2000) ("Generally, a party cannot
rely on its own answer to an interrogatory as summary judgment evidence."); Laidlaw Waste
Sys. (Dallas), Inc. v. City of Wilmer, 904 S.W.2d 656, 660 (Tex. 1995) (Pleadings do not
constitute summary judgment evidence.).